Judge Roane
observed there was no clause in the bill, or answer, praying the will to be taken as part thereof.
On examining the order made in that case, the court was satisfied, and a copy of the will was received by consent.
Judge Cabell
observed another defect. A statement of an account of sales is referred to, but does not appear.
Monday, June 24th. The judges pronounced their opinions.
Judge Cabell
(after stating the case) proceeded as follows : This is not one of those cases in which we are obliged to bend the testator’s intention to some stubborn rule of law. On the contrary, it is admitted, on all hands, that that intention (whatever it may be) must here prevail. And it appears to me that all the difficulties made in this case have arisen from attending to the common and natural acceptation of certain terms, rather than to the sense in which they are used by the testator; from considering those terms in the abstract, rather than as explained by other parts of the will, and the circum *239 stances of this particular case. I can perceive nothing in the will calculated to restrict the devise of the crops as the chancellor has done. The expressions are broad and general, extending to all crops “ gathered or growing,” and correspond with the liberal provision intended by the testator. The construction of the chancellor would render almost nugatory that part of the will which gives the crops “ gatheredfor, suppose the testator had died on the 1st of April; to what could the term “ gathered” have applied, but to the crops of the preceding year r
With respect to the books, liquors, &c. it is important to be observed that this was a devise in fee ; that the devisee took the lands, with all the houses, all their appurtenances, all the implements of husbandry, half the stocks of every kind, and all the household goods and furniture; and, even if the testator had left us to collect his intention from these circumstances only, I think the inference would have been extremely strong that, although, “household goods,” and “ household furniture,” have in some cases been decided, and may in general be considered, synonymous, yet, in this case, the testator intended, by “ household goods,” something more than mere “ furniture;” that he intended every thing about the houses that had been usually held and enjoyed therewith, and that would tend to the comfort and accommodation of the householder. But this inference is rendered irresistible when we consider the exception of the “ watch,” which the testator thought it necessary to make from this devise. There is not one article, in the whole list objected to by the executors, which would not fall under the idea of “ household goods,” with as much, if not more, propriety, than the watch ; and yet the testator shows that these terms, as understood and used by himself, would have comprehended the watch, had it not been specially excepted. Of course, the articles not excepted must pass. The testator having explained his *240 own meaning in the use of these terms, I shall take that my guide, without resorting to lexicographers to determine what the same terms ought to mean in the abstract, or to adjudicated cases to discover what they have been decided to mean under different circumstances. Without inquiring, therefore, what would, in general, not pass by the terms “ household goods and- furniture,” but believing, from the particular circumstances of this case, that it was the intention of the testator to bequeath the articles objected to, I am of opinion that the decree of the chancellor be reversed, and that of the county court be affirmed.
Judges Brooke and Fleming said that their sentiments were expressed in the opinion just pronounced.
Decree of the chancellor unanimously reversed, and that of the county court affirmed.